1  SEAN D. FLAHERTY (SBN: 272598)
   sflaherty@grsm.com
2  RACHEL E. WATERS (SBN: 289202)
   rwaters@grsm.com
3  HANNAH E. BROWN (SBN: 311158)
   hbrown@grsm.com
4  GORDON REES SCULLY MANSUKHANI, LLP
   101 W. Broadway, Suite 2000
5  San Diego, CA 92101
   Telephone: (619) 230-7473
6  Facsimile: (619) 696-7124

7  Attorneys for Defendant
   TRUTHFINDER, LLC
8

9              UNITED STATES DISTRICT COURT

10             SOUTHERN DISTRICT OF CALIFORNIA

11

12  ABRAHAM MEJIA, on behalf of        ) CASE NO. 3:22-cv-01010-CAB-AGS
    himself and all others similarly situated, )
13                                     ) **DEFENDANT TRUTHFINDER,**
                        Plaintiff,     ) **LLC'S MEMORANDUM OF**
14                                     ) **POINTS AND AUTHORITIES IN**
         vs.                           ) **SUPPORT OF MOTION TO**
15                                     ) **DISMISS**
    TRUTHFINDER, LLC,                  )
16                                     ) **Hearing Date**: September 22, 2022
                        Defendant.     )
17                                     ) **PER CHAMBERS RULES, NO**
                                       ) **ORAL ARGUMENT UNLESS**
18                                     ) **SEPARATELY ORDERED BY THE**
                                       ) **COURT**
19                                     )
                                       ) Complaint Filed in State Court:
20                                     ) June 10, 2022
                                       ) Date of Removal: July 12, 2022
21                                     )

22

23

24

25

26

27

28

TRUTHFINDER'S MOTION TO DISMISS                         3:22-cv-01010-CAB-AGS

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................1

II. FACTUAL ALLEGATIONS ................................................................................1

III. LEGAL STANDARD ...........................................................................................2

IV. ANALYSIS ............................................................................................................2

    A. Plaintiff Does Not and Cannot Allege Plausible Facts To Support That TruthFinder is a Consumer Reporting Agency ...............3

    B. Plaintiff's Factual Allegations and TruthFinder's Website Support That TruthFinder Is Not A Consumer Reporting Agency ................................................................................................6

V. CONCLUSION ...................................................................................................13

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adams v. LexisNexis Risk & Info. Analytics Grp., Inc.*,
No. CIV.08-4708 (RMB/KW),
2010 WL 1931135 (D.N.J. May 12, 2010) ......................................................... 4

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........................................................................................ 2, 5

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ........................................................................................ 2, 5

*Comeaux v. Brown & Williamson Tobacco Co.*,
915 F.2d 1264 (9th Cir. 1990) ............................................................................ 4

*Daniels-Hall v. Nat'l Educ. Ass'n*,
629 F.3d 992 (9th Cir. 2010) .............................................................................. 2

*DIRECTV, Inc. v. Hoa Huynh*,
503 F.3d 847 (9th Cir. 2007) .............................................................................. 2

*Kidd v. Thomson Reuters Corp.*,
299 F. Supp. 3d 400 (S.D.N.Y. 2017) ................................................................ 4

*Kidd v. Thomson Reuters Corp.*,
925 F.3d 99 (2d Cir. 2019) ................................................................................. 4

*Kwan v. SanMedica Int'l*,
854 F.3d 1088 (9th Cir. 2017) ............................................................................ 5

*Liberi v. Taitz*,
No. 11-0485, 2012 WL 10919114 (C.D. Cal. Mar. 16, 2012) ........................... 4

*Love v. Handlery Hotels, Inc.*,
No. 21-CV-00850-TSH,
2021 WL 2531090 (N.D. Cal. June 21, 2021) ................................................... 6

*Sweet v. LinkedIn Corp.*,
No. 5:14-CV-04531-PSG,
2015 WL 1744254 (N.D. Cal. Apr. 14, 2015) ............................................ 11, 12

Thacker v. GPS Insight, LLC,
No. CV18-0063-PHX-DGC,
2019 WL 3816720 (D. Ariz. Aug. 14, 2019) .................................................. 4, 5

*Zabriskie v. Fed. Nat'l Mortg. Ass'n*,
940 F.3d 1022 (9th Cir. 2019) .......................................................................... 4, 5

**Gordon Rees Scully Mansukhani, LLP**
**101 W. Broadway, Suite 2000**
**San Diego, CA 92101**

**Statutes**

15 United States Code
   Section 1681a ........................................................................................................... 3

15 United States Code
   Section 1681b .................................................................................................... 1, 2, 3

15 United States Code
   Section 1681g ......................................................................................................... 1, 2

15 United States Code
   Section 1681k ......................................................................................................... 1, 2

**Rules**

Federal Rules of Civil Proecdure
   Rule 12 ........................................................................................................................ 2

**Treatises**

55 Federal Regulations
   Regulation 18,804 (May 4, 1990) ............................................................................ 4

## I. INTRODUCTION

Plaintiff Abraham Mejia's complaint hangs on the legal conclusion that Defendant TruthFinder, LLC is a "consumer reporting agency" under the Fair Credit Reporting Act ("FCRA"). Plaintiff's legal conclusion is unsupported by any factual allegations, plausible or otherwise. Moreover, where Plaintiff does allege facts, he cites to TruthFinder's website for factual allegations that expressly contradict his cursory legal conclusion. Applying FCRA's plain text, courts have consistently held that an entity is not a "consumer reporting agency" unless the entity intended that its information be used for a FCRA purpose. Because Plaintiff does not allege facts supporting that TruthFinder had any such intent, and because Plaintiff actually alleges facts supporting that TruthFinder had *no* such intent, Plaintiff has failed to meet his pleading burden and his complaint should be dismissed.

## II. FACTUAL ALLEGATIONS

Plaintiff alleges that, on June 17, 2020, his then-employer Security Solutions Unlimited purchased a TruthFinder report. (Dkt. No. 1-3, "Compl.", at ¶ 33-34.) Plaintiff alleges that, based on a criminal record in the report, Security Solutions Unlimited terminated his employment. (*Id.* ¶ 33-35.) Plaintiff further alleges that TruthFinder is a "consumer reporting agency," was therefore required to comply with FCRA, but ultimately failed to comply by: (1) failing to provide a file disclosure to Plaintiff (*id.* ¶ 5-6); (2) providing consumer reports for employment purposes without valid certification from the employer (*id.* ¶ 7); and (3) furnishing consumer reports "containing public-record information likely to have an adverse effect on a consumer's ability to obtain employment but failing to provide at the time notification to the consumer that such information was being reported and to whom it was being reported" (*id.* ¶ 8). Plaintiff brings a putative class action claiming that TruthFinder violated 15 U.S.C. § 1681g(a), 15 U.S.C. § 1681b(b)(1)(A), and 15 U.S.C. § 1681k(a)(1).

-1-
TRUTHFINDER'S MOTION TO DISMISS

3:22-cv-01010-CAB-AGS

### III. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the collective facts pled "allow . . . the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Importantly, the court need not accept as true "legal conclusions" contained in the complaint, *id.*, or other "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

### IV. ANALYSIS

Plaintiff's complaint is dependent on the threshold requirement that Plaintiff plead plausible facts demonstrating that TruthFinder is a "consumer reporting agency" under the FCRA. *See* 15 U.S.C. § 1681g(a) ("Every **consumer reporting agency** shall, upon request, . . . clearly and accurately disclose to the consumer . . ."); 15 U.S.C. § 1681b(b)(1)(A) ("A **consumer reporting agency** may furnish a consumer report for employment purposes only if . . ."); 15 U.S.C. § 1681k(a)(1) ("A **consumer reporting agency** which furnishes a consumer report . . .") (emphasis added in all.) Especially given this element's importance, a FCRA plaintiff does not satisfy his pleading burden by merely stating that a defendant is a "consumer reporting agency." *See DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) ("[A]llegations that parrot the language of" a statute "are not well-pleaded facts; they are simply . . . legal conclusions."). Rather, plaintiff must plead plausible facts to support the allegation. Plaintiff has not and cannot.

### A.  Plaintiff Does Not and Cannot Allege Plausible Facts To Support That TruthFinder is a Consumer Reporting Agency

Plaintiff fails to allege any facts, plausible or otherwise, to support that TruthFinder intended to have its information used for a FCRA purpose. The Ninth Circuit and courts across the country have held that defendants engaged in compiling consumer information were not consumer reporting agencies—and therefore did not violate FCRA—absent pleading and proof that they compiled that information with the intent that it be used for a FCRA purpose. That same analysis and conclusion apply here.

A "consumer reporting agency" is defined as "any person which, for monetary fees . . . *regularly* engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers on consumers *for the purpose of furnishing consumer reports* to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. § 1681a(f) (emphasis added). A "consumer report," in turn, is defined as "any written, oral, or other communication of any information *by a consumer reporting agency* bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living *which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (A) credit or insurance . . . ; (B) employment purposes; or (c) any other purpose authorized under section 1681b of this title*." 15 U.S.C. § 1681a(d)(1) (emphasis added).

The Ninth Circuit has explained that whether information is a "consumer report" under FCRA turns on whether the entity that provided the information had "a reasonable expectation that the report will be put to a use permissible under the FCRA." *Comeaux v. Brown & Williamson Tobacco Co.*, 915 F.2d 1264, 1274 (9th

-3-
TRUTHFINDER'S MOTION TO DISMISS

3:22-cv-01010-CAB-AGS

Cir. 1990). More recently, the Ninth Circuit has explained "the FCRA applies only to an entity that assembles or evaluates consumer information with the *intent* to provide a consumer report to third parties." *Zabriskie v. Fed. Nat'l Mortg. Ass'n*, 940 F.3d 1022, 1027 (9th Cir. 2019) (emphasis added). This is consistent with case law throughout the country. *See, e.g., Kidd v. Thomson Reuters Corp.*, 925 F.3d 99, 105–06 (2d Cir. 2019) (citing *Zabriskie* and discussing circuits that "have also concluded that FCRA includes a specific intent requirement in its definition of a 'consumer reporting agency'"); *Kidd v. Thomson Reuters Corp.*, 299 F. Supp. 3d 400, 404 (S.D.N.Y. 2017) ("By its plain terms, . . . the statute applies only to a person or entity that regularly assembles consumer information with a particular purpose or subjective intention—namely, of providing it to third parties for use (actual or expected) in connection with an FCRA-regulated end, such as employment eligibility.")

In accord with the intent requirement, a "report will not be covered by the [FCRA] solely because it contains the type of information generally found in consumer reports." *Thacker v. GPS Insight, LLC*, No. CV18-0063-PHX-DGC, 2019 WL 3816720, at *9 (D. Ariz. Aug. 14, 2019) (quoting *Adams v. LexisNexis Risk & Info. Analytics Grp., Inc.*, No. CIV.08-4708 (RMB/KW), 2010 WL 1931135, at *7 (D.N.J. May 12, 2010)). Nor will an entity be a "consumer reporting agency" merely because it provided information that was used for FCRA purposes since this would make "*any* entity that provided *any* information potentially affecting a consumer's creditworthiness . . . automatically . . . liable under [] FCRA." *Liberi v. Taitz*, No. 11-0485, 2012 WL 10919114, at *7 (C.D. Cal. Mar. 16, 2012) (emphasis in original); *see also* Commentary on the Fair Credit Reporting Act, 55 Fed. Reg. 18,804 (May 4, 1990) (a publisher of public records information is not a consumer reporting agency "simply because some" of its "information might be used by an occasional subscriber for [FCRA] purposes").

-4-
TRUTHFINDER'S MOTION TO DISMISS

3:22-cv-01010-CAB-AGS

1  To satisfy his pleading burden as to the intent requirement, Plaintiff needed to allege plausible facts to support that TruthFinder *specifically intended* that its information would be used for a FCRA purpose, *e.g.*, for employment purposes. *See Thacker*, 2019 WL 3816720, at *7 ("Establishing that an entity is a consumer reporting agency requires a showing of specific intent – a plaintiff must show that the entity 'assembles or evaluates [consumer credit information] with the *intent* of providing a consumer report to third parties.") (citing *Zabriskie*, 912 F.3d at 1198-99) (emphasis in original). Yet, Plaintiff's complaint just parrots the statute to allege TruthFinder provides "consumer reports" and is therefore a "consumer reporting agency." (Compl. ¶¶ 11-13.) This does not suffice. "Legal conclusions may provide a framework for a complaint, but they must be supported by factual allegations." *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017). Plaintiff includes no factual allegations to support that TruthFinder had the required intent.

As case law confirms, because Plaintiff has failed to allege plausible facts to support that TruthFinder intended to have its information used for a FCRA purpose and thus failed to allege plausible facts to support that TruthFinder is a "consumer reporting agency", his complaint should be dismissed.[1] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

---

[1] *See In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F. Supp. 2d 942, 1011 (S.D. Cal. 2014), order corrected, No. 11MD2258 AJB (MDD), 2014 WL 12603117 (S.D. Cal. Feb. 10, 2014) (dismissing FCRA claim because complaint "does not contain any allegations suggesting that Sony regularly compiles and distributes consumer reports as defined under the FCRA"); *Chyba v. Washington Mut.*, No. 12CV838 JAH (BLM), 2014 WL 12628468, at *5 (S.D. Cal. Jan. 21, 2014), *aff'd*, 671 F.App'x 426 (9th Cir. 2016) (granting judgment on pleadings, where "plaintiff merely parrots the statutory language and case law without articulating facts demonstrating that a consumer report exists and that defendant had an impermissible purpose for requesting and using the report"); *Skiles v. Tesla, Inc.*, 472 F. Supp. 3d 566, 571 (N.D. Cal. 2020) ("Skiles fails to adequately state that, even if the [report] were a 'consumer report' with respect to Tesla, that this Experian entity 'regularly' provides consumer reports to third parties"); *see also McEwen v. Benedict*, 20-cv-2364-CAB-LL, 2021 WL 1515574, at *4 (S.D Cal. Apr. 16, 2021) (dismissing TILA and HOEPA claims based on failure to plead plausible facts that defendant "regularly extends consumer credit").

-5-
TRUTHFINDER'S MOTION TO DISMISS

3:22-cv-01010-CAB-AGS

*Gordon Rees Scully Mansukhani, LLP*
*101 W. Broadway, Suite 2000*
*San Diego, CA 92101*

### B. Plaintiff's Factual Allegations and TruthFinder's Website Support That TruthFinder Is Not A Consumer Reporting Agency

What matters is TruthFinder's intent. Plaintiff's complaint does address TruthFinder's intent, but not in a way that helps Plaintiff. Rather, Plaintiff's factual allegations reinforce that TruthFinder strictly prohibits any use of its information for FCRA purposes and repeatedly informs users that its information can only be used for personal purposes, rather than FCRA purposes. That is, the few allegations that Plaintiff offers about TruthFinder's intent actually support that TruthFinder did not want anyone to use its information for FCRA purposes and therefore cannot be a "consumer reporting agency."

Because Plaintiff's complaint refers to and relies upon TruthFinder's website, this Court may consider TruthFinder's website in deciding this motion to dismiss. *See Love v. Handlery Hotels, Inc*., No. 21-CV-00850-TSH, 2021 WL 2531090, at *3 (N.D. Cal. June 21, 2021) (incorporating by reference screenshots of "publicly-accessible web pages" as plaintiff "expressly cites to website in his complaint"). Accordingly, TruthFinder requests that this Court consider the TruthFinder webpages, set forth in the Declaration of Andrew Johnson, which were displayed to visitors on June 17, 2020 when Plaintiff alleges his employer visited TruthFinder's website and purchased a report about him.

Referring to TruthFinder's website, Plaintiff correctly admits that TruthFinder "disclaim[s] FCRA governance in its marketing materials and contracts with third parties." (Compl. ¶ 17.) Quoting from TruthFinder's website, Plaintiff correctly admits that TruthFinder "provides sensitive information (criminal record, address, phone number, property, civil judgment, and more) that can be used to satisfy your curiosity, protect your family, and find the truth about people in your life" – all non-FCRA purposes (*Id.* ¶ 20.) Plaintiff likewise correctly admits that TruthFinder "includes FCRA-related disclaimers on its website." (*Id.* ¶ 20.) Quoting from

-6-
TRUTHFINDER'S MOTION TO DISMISS
3:22-cv-01010-CAB-AGS

TruthFinder's website, Plaintiff correctly admits that TruthFinder informs visitors: "You may not use our site or the information we provide unless you agree to our Terms of Use and agree not to use our site and the information we provide to make decisions about consumer credit, employees, tenant screening, or any other purposes that would require FCRA compliance." (*Id.* ¶ 20, n. 1.)

On the home page of TruthFinder's website, visitors were: (1) immediately presented with the pop-up below informing them that "You may not use our site or the information we provide unless you agree to our Terms of Use and agree not to use our site and the information we provide to make decisions about consumer credit, employees, tenant screening, or any other purposes that would require FCRA compliance," and (2) required to check a box stating "I Agree."



(Johnson Decl. ¶ 4.) On the "FAQ" page of TruthFinder's website, which Plaintiff's complaint quotes in part, TruthFinder further informed visitors:

///
///
///
///

-7-
TRUTHFINDER'S MOTION TO DISMISS
3:22-cv-01010-CAB-AGS

**TruthFinder creates comprehensive background reports** with information sourced from county, state, and federal databases. That means you can look up almost anyone in the United States!

**Please note:** We are NOT a Consumer Reporting Agency. It is prohibited to use our site for any purpose governed by the Fair Credit Reporting Act (FCRA). Based on the FCRA, here's a list of ways you can and can't use TruthFinder:

### You Can Use TruthFinder To Look Up...

**⊘ Neighbors**
Whether you moved into a new neighborhood or a new neighbor just moved into yours, you can use TruthFinder to learn more about who lives next door!

**⊘ New Relationships**
Before you meet up with a total stranger, you want to know if they have anything to hide. Whether you were set up through a friend or dating site, run a background check on your potential love connection.

**⊘ Sex Offenders**
Are your kids walking down a street where a sex offender lives? Find out if any registered sex offenders live near you or someone you know.

**⊘ Family Members**
Find long-lost family members. Trace your family tree. Get in touch with long-distance relatives. Dig up family secrets. Whatever your reason for looking up your relatives, TruthFinder can help you learn more about them.

**⊘ Parents Of Your Kids' Friends**
When your kids share a carpool or spend time at their friends' houses, you want to make sure they're in good hands. Run a background check on the parents involved in your kids' lives.

**⊘ New Friends**
When you meet someone new, you can't always rely on your gut instinct. Before you open up to your new friend, use TruthFinder to figure out if they're worth your trust.

**⊘ Old Friends**
Want to reconnect with friends from years past? TruthFinder can help you track down your old buddies so you can make up for lost time.

**⊘ Former Classmates**
Looking to pull off the best school reunion ever? Start by updating your address book. When you search former classmates' public records on TruthFinder, you could locate their addresses and contact information.

**⊘ Social Media Connections**
When you share your life online, you never know who's keeping tabs. Use TruthFinder to search people who friend or follow you on social media.

**⊘ Online Buyers & Sellers**
We know how convenient it is to buy, sell, and trade goods online. We also know how easy it is to get scammed. Before you close a deal with someone, use a background check to make sure they can be trusted.

**⊘ Vacation Buddies**
Taking a road trip with new friends, or meeting up with someone you just met on spring break? Make sure whoever you drive, travel, or connect with has a clean driving and criminal record.

**⊘ Unknown Numbers**
Wondering who's behind that mystery number? Instead of searching for background reports with someone's name, search by phone number. Finally, an easy way to find out who's been calling you!

**⊘ Celebrities**
Celebs are notorious for causing trouble. Find out if your favorite celeb, or anyone else making headlines, has a criminal record.

**⊘ Yourself**
Your online reputation is more important than ever. Look up your background report on TruthFinder, and learn what other people might dig up on you!

-8-

TRUTHFINDER'S MOTION TO DISMISS

3:22-cv-01010-CAB-AGS



(*Id.* ¶ 6.) The footer on every webpage of TruthFinder's website also displayed:

(*Id.* ¶ 7.) Before purchasing any report, a visitor also was required to check a box and click "I AGREE" as shown below:

(*Id.* ¶ 8.) Then on the check-out page, and still before purchasing any report, a visitor

-9-
TRUTHFINDER'S MOTION TO DISMISS

3:22-cv-01010-CAB-AGS

was required to check a box and agree to the following:

> ☐ By clicking "Checkout", you agree to provide your electronic signature authorizing TruthFinder to charge your card as described in the Billing Terms, including for the automatic renewal of your membership, until you cancel. I agree to the TruthFinder Terms of Use and Privacy Policy.
>
> ☐ I understand and agree that TruthFinder is not a "consumer reporting agency", as defined in the Fair Credit Reporting Act (15 U.S.C. § 1681, et seq.) ("FCRA") and does not provide "consumer reports", as defined in FCRA. I understand and represent that I am not purchasing and will not use TruthFinder's products or services for any purpose in connection with determining a person's eligibility for credit, insurance, employment or for any other eligibility determination subject to FCRA.

(*Id.* ¶ 9.) By checking this box and thus agreeing to the hyperlinked "Terms of Use," a visitor further agreed to only use TruthFinder for personal purposes and not for any business or FCRA purpose, as confirmed by the provisons below:

> **5. License Grants**
>
> LICENSE GRANT ASSOCIATED WITH BACKGROUND INFORMATION SERVICES PROVIDED UNDER MEMBERSHIP PLANS
>
> Upon a customer's purchase of, or subscription to, a Membership Plan, the Company hereby grants to the customer a limited license to use its Background Information Services and any data contained therein, subject to the restrictions and limitations set forth herein. The Company hereby grants to customer a limited license to use its Background Information Services offered in connection with a Membership Plan solely for the customer's own internal personal purposes. Customer represents and warrants that all of customer's use of the Company's Background Information Services shall be for only legitimate purposes. Customer shall not use Background Information Services for commercial, collections, governmental, marketing, advertising or marketing purposes or resell or broker services to any third-party and shall only use Background Information Services for personal (non-business) purposes. Customer shall not use Background Information Services to provide data processing services to third-parties or evaluate the data of or for third-parties. Customer agrees that if the Company determines or reasonably suspects that continued provision of Background Information Services to customer entails a potential security risk, or that customer is otherwise violating any provision of these Terms, or any of the laws, regulations, or rules described herein, the Company may take immediate action, including, without limitation, terminating the delivery of, and the license to use, the Background Information Services. Customer shall not access Background Information Services from Internet Protocol addresses located outside of the United States and its territories without the Company's prior written approval. In any event, customer understands and agrees that (i) Background Information Services are provided to it in the United States at the point at which Customer accesses Company server facilities; and (ii) the Company makes no representation regarding the legality of accessing such Background Information Services from outside of the United States and its territories.
>
> **7. Fair Credit Reporting Act Notice And Obligations**
>
> TruthFinder IS NOT A CREDIT REPORTING AGENCY ("CRA") FOR PURPOSES OF THE FAIR CREDIT REPORTING ACT ("FCRA"), 15 USC §§ 1681 et seq. AS SUCH, THE ADDITIONAL PROTECTIONS AFFORDED TO CONSUMERS, AND OBLIGATIONS PLACED UPON CREDIT REPORTING AGENCIES, ARE NOT CONTEMPLATED BY, NOR CONTAINED WITHIN, THESE TERMS.
>
> You may not use any information obtained from the Company from its Background Information Services in connection with determining a prospective candidate's suitability for:
>
> - Health insurance or any other insurance
> - Credit and/or loans
> - Employment
> - Education, scholarships or fellowships
> - Housing or other accommodations
> - Benefits, privileges or services provided by any business establishment.
>
> The information provided by the Company via the Website has not been collected in whole or in part for the purpose of furnishing consumer reports, as defined in the FCRA. Accordingly, by purchasing Membership Plans through this Website and using the Company's Background Information Services, you understand and agree that you will not use any of the information you obtain from the Company as a factor in: (a) establishing an individual's eligibility for personal credit, loans, insurance or assessing risks associated with existing consumer credit obligations; (b) evaluating an individual for employment, promotion, reassignment or retention (including employment of household workers such as babysitters, cleaning personnel, nannies, contractors, and other individuals); (c) evaluating an individual for educational opportunities, scholarships or fellowships; (d) evaluating an individual's eligibility for a license or other benefit granted by a government agency or (e) any other product, service or transaction in connection with which a consumer report may be used under the FCRA or any similar state statute, including, without limitation, apartment rental, check-cashing, or the opening of a deposit or transaction account. You also agree that you shall not use any of the information you receive through the Background Information Services to take any "adverse action," as that term is defined in the FCRA; you have appropriate knowledge of the FCRA; and, if necessary, you will consult with an attorney to ensure compliance with these Terms.

(*Id.* ¶ 10; Exhibit 1 ("Terms of Use"), at p. 3–4.) Lastly, after payment, TruthFinder

-10-
TRUTHFINDER'S MOTION TO DISMISS
3:22-cv-01010-CAB-AGS

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

displayed the message below prior to any search for a background report:

**Search for Background Reports**
Enter a first and last name to search for anyone in the U.S.

| First Name* | Last Name* | City (optional) | State |
| --- | --- | --- | --- |
| Enter First Name | Enter Last Name | Enter City | All States | SEARCH |

By clicking "search" I agree that TruthFinder does not provide consumer reports and is not a consumer reporting agency and I will not use this site to make decisions about employment, consumer credit, insurance, tenant screening, or any other purpose that would require Fair Credit Reporting Act compliance.

(Johnson Decl. ¶ 11.)

Plaintiff's complaint references TruthFinder's website, but it undermines his claims. Assuming Plaintiff's allegations to be true, Plaintiff's employer visited TruthFinder's website on June 17, 2020, was then repeatedly told that TruthFinder could not be used for any FCRA purpose, and then repeatedly certified multiple times that TruthFinder would not be used for any FCRA purpose. As case law confirms, this does not make TruthFinder a "consumer reporting agency" but rather reinforces that Plaintiff cannot meet his pleading burden.

In *Sweet v. LinkedIn Corp.*, No. 5:14-CV-04531-PSG, 2015 WL 1744254, at *10 (N.D. Cal. Apr. 14, 2015), plaintiffs failed to state a claim that "reference search results" from a LinkedIn database made LinkedIn a "consumer reporting agency" subject to FCRA. Although plaintiffs argued that the search results "can contribute to hiring decisions made by employers," the court disagreed that this made the search results a "consumer report" and instead looked to LinkedIn's marketing statements about how its search results would be used. *Id.* at *8–9 ("LinkedIn markets the Reference Search results—and therefore expects them to be used—as a way for potential employers to locate people who can provide reliable feedback about job candidates and does not market the results themselves as a source of reliable feedback about job candidates"). *Id.* at *9. Dismissing plaintiffs' complaint, the

-11-
TRUTHFINDER'S MOTION TO DISMISS
3:22-cv-01010-CAB-AGS

court explained that "Plaintiffs' conclusory allegation that LinkedIn 'for monetary fees, engages in the practice of assembling information on consumers, for the purposes of furnishing consumer reports to third parties' does not support a plausible inference that LinkedIn acts as a consumer reporting agency with regard to its assembly of this information." *Id.* at *6.[2]

The Court need not look beyond the deficiencies in Plaintiff's complaint to grant TruthFinder's motion to dismiss. However, if the Court is inclined to look further, Plaintiff's own factual allegations and TruthFinder's website reinforce that Plaintiff does not and cannot allege plausible facts to support that TruthFinder is a "consumer reporting agency." Accordingly, Plaintiff's complaint should be dismissed.

///

///

///

///

---

[2] *See also Liberi v. Taitz*, No. SACV 11-0485 AG (AJWx), 2012 WL 10919115, at *5-6 (C.D. Cal. May 22, 2012) (holding plaintiffs could not establish FCRA claims against LexisNexis where it included non-FCRA disclaimers on its webpage and required users to agree they would not use reports for FCRA purposes); *Liberi v. Taitz*, No. SACV 11-0485 AG AJWX, 2012 WL 10919114, at *1 (C.D. Cal. Mar. 16, 2012) (holding plaintiffs could not establish FCRA claims against Intelius where it "took the added precaution of asking [its] user[s] to agree to Terms and Conditions agreeing that they would not use the information for FCRA purposes"); *Kidd v. Thomson Reuters Corp.*, 299 F. Supp. 3d 400, 404 (S.D.N.Y. 2017) (holding plaintiffs could not establish FCRA claims against Thomson Reuters as it "takes affirmative steps—through both words and actions—at every stage of the customer acquisition, application, contracting, and support processes to ensure that subscribers are not using [the platform] for FCRA-regulated purposes") *aff'd*, *Kidd v. Thomson Reuters Corp.*, 925 F.3d 99, 104–05 (2d Cir. 2019).

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

## V. CONCLUSION

For the foregoing reasons, TruthFinder requests the Court grant its motion to dismiss with prejudice.

Dated: August 18, 2022

GORDON REES SCULLY MANSUKHANI, LLP

By: /s/ *Hannah E. Brown*
Sean D. Flaherty
Rachel E. Waters
Hannah E. Brown
Attorneys for Defendant
TRUTHFINDER, LLC