1
2
3
4

**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
matt@loker.law
1303 East Grand Avenue, Suite 101
Arroyo Grande, CA 93420
Telephone: (805) 994-0177

5
6
7
8
9

**CONSUMER LITIGATION ASSOCIATES, P.C.**
Craig C. Marchiando, SBN 283829
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
(757) 930-3662
(757) 930-3662 fax
craig@clalegal.com

*Attorneys for Plaintiff and the proposed classes*

10

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

11
12
13
14
15
16
17

ABRAHAM MEJIA, *on behalf of himself and all others similarly situated*,

           Plaintiff,

vs.

TRUTHFINDER, LLC,

           Defendant.

) CASE NO. 3:22-cv-01010-CAB-AGS
)
)
)
)
) **FIRST AMENDED CLASS**
) **ACTION COMPLAINT FOR**
) **DAMAGES**
)
) **JURY TRIAL DEMANDED**
)
)
)

18
19
20
21

     Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), Plaintiff ABRAHAM MEJIA files this Amended Complaint against Defendant TRUTHFINDER, LLC, and alleges as follows:

22

**NATURE OF THE ACTION**

23
24
25
26
27

     1.    The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x, was enacted to ensure that background screening companies or "consumer reporting agencies" ("CRAs") exercise their "***grave responsibilities*** with fairness, impartiality, and a respect for the consumer's right to privacy." *Id.* § 1681(a)(4) (emphasis added).

28

2.     Plaintiff was denied employment opportunities because of Defendant Truthfinder's actions described herein, resulting in a lost job, lost pay, and lost benefits.

3.     Defendant Truthfinder is a company that uses automated processes to webscrape criminal histories off of court websites and assign them to specific consumers – largely based on name alone. It sold these records to its various customers, including Plaintiff's former employer.

4.     Ultimately, Plaintiff lost a job opportunity because of a background check generated by Defendant Truthfinder, and because Defendant Truthfinder unilaterally (and illegally) decided the reports it sells do not qualify as "consumer reports."

5.     Thus, neither Plaintiff nor the putative class members were provided with any of the rights afforded to them under the FCRA, not the least of which is notification of Truthfinder's publication to an employer of records likely to affect these consumers' ability to obtain employment. 15 U.S.C. § 1681k(a)(1). Accordingly, here Plaintiff alleges that Defendant Truthfinder violated the FCRA in several ways.

5.     *First*, because it claims not to be governed by the FCRA, when the Plaintiff requested a copy of his full file from Defendant Truthfinder, Truthfinder failed to provide all of the information reported about each requesting consumer (commonly known as a file disclosure). In Plaintiff's case, Truthfinder provided nothing at all when Plaintiff requested his file disclosure.

6.     As a result, Defendant Truthfinder violated 15 U.S.C. § 1681g(a), which requires that a CRA provide not only "all information", but also "the sources of the information" in the consumer's file, and comprehensive list of

everyone, including end-users, to whom the CRA has provided a report about the consumer. 15 U.S.C. § 1681g(a)(1)–(3). *See* Count I (class claim).

7.    ***Second***, Defendant Truthfinder violated 15 U.S.C. §§ 1681b(b)(1)(A)(i)–(ii) by providing consumer reports used for employment purposes without valid certification from Plaintiff's former employer that it had complied with the disclosure, authorization and notice requirements set forth in 15 U.S.C. §§ 1681b(b)(2)(A)(i)–(ii) and 1681b(b)(3). *See* Count II (class claim).

8.    ***Finally***, Defendant Truthfinder also violated 15 U.S.C. § 1681k by furnishing consumer reports containing public-record information likely to have an adverse effect on a consumer's ability to obtain employment but failing to provide at the time notification to the consumer that such information was being reported and to whom it was being reported. *See* Count III (class claim).

## PARTIES

9.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a.

10.    Defendant Truthfinder TruthFinder, LLC, is a limited-liability company with its principal place of business in San Diego, California.

11.    Defendant Truthfinder is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f), that compiles, sells, furnishes, and uses consumer reports and services in San Diego County, California, and throughout the United States.

12.    Defendant Truthfinder obtains consumer information bearing on consumers' character, general reputation, personal characteristics and mode of living from a myriad of publicly available sources such as criminal and traffic records, social security number information, sex offender registries,  etc.

-3-

13.     After acquiring consumer information from its sources, Defendant Truthfinder regularly assembles that information into a report, which it then sells to third parties. In this case, Defendant Truthfinder sold information to Plaintiff's former employer who, in turn, used it for an employment purpose (to fire Plaintiff).

14.     Defendant Truthfinder sells such consumer reports to customers throughout the country, using facilities of interstate commerce to transmit such reports, including but not limited to electronic transmission.

## JURISDICTION AND VENUE

15.     The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

16.     Venue is proper in here because Defendant Truthfinder is subject to personal jurisdiction in San Diego County, California, as its principal place of business is here. Additionally, Defendant Truthfinder sells consumer reports regarding individuals residing in this District from its business located in this District (including on Plaintiff).

## FACTS

**A.     Defendant Truthfinder is a Consumer Reporting Agency.**

17.     Despite the fact that Defendant Truthfinder is a consumer reporting agency and sells consumer reports as defined by the FCRA, it attempts to avoid its obligations under the FCRA by disclaiming FCRA governance in its marketing materials and contracts with third-parties.

18.     Notwithstanding its statements to the contrary, Defendant Truthfinder specifically markets itself as a company that provides information and services that are governed by the FCRA.

19.     According to its website, Defendant Truthfinder "provide[s] sensitive information (criminal record, address, phone number, property, civil

judgment, and more) that can be used to satisfy your curiosity, protect your family, and find the truth about people in your life."

20.     But, in a transparent effort to avoid liability for failure to comply with the FCRA, Defendant Truthfinder also includes FCRA-related disclaimers on its website.[1]

21.     Truthfinder's report about Plaintiff included a trove of information governed by the FCRA, such as criminal history, address history, and lists of individuals supposedly associated with Plaintiff.

22.     Further, because Defendant Truthfinder provides information to companies like Plaintiff's former employer, Security Solutions Unlimited, which then uses the consumer reports for an employment purpose, Defendant Truthfinder has consented to the FCRA's governance of its activities.

23.     The FCRA imposes several obligations upon Defendant Truthfinder which are not only well-established, but they are easy to follow. It is clear from the Defendant Truthfinder's website, it knows about the FCRA and has chosen not to abide by its strictures.

24.     Despite marketing its solutions for employment purposes, including selling products under the heading "Background Checks," among many other things, it disclaims that the information in the reports that it

---

[1] For example, currently Defendant Truthfinder includes the following disclaimer on its website:

> You may not use our site or the information we provide unless you agree to our Terms of Use and agree not to use our site and the information we provide to make decisions about consumer credit, employees, tenant screening, or any other purposes that would require FCRA compliance. and supplies data solutions, medical solutions, volunteer solutions, court record solutions, and investigative solutions whereby it collects information about individual consumers, compiles it into a report, and then sells it to third parties.

*See* www.truthfinder.com  (disclaimer included on homepage), last accessed May 18, 2022.

markets and sells for employment purposes can be used for employment purposes.

25.     Defendant Truthfinder is aware of the entire text of the FCRA and its legislative history, as well as the regulatory oversight by the Federal Trade Commission.

26.     In fact, Defendant Truthfinder has been sued at least twice before for violating the Fair Credit Reporting Act, including in *Doe v. TruthFinder, LLC*, No. 3:21-cv-06559 (N.D. Cal.) and *Oppman v. Truthfinder, LLC*, No. 8:20-cv-00463 (M.D. Fla.).

27.     Defendant Truthfinder accesses large databases of public records and related employment histories as a nationwide CRA. It accesses, collects, and compiles that information into its own databases to prepare and furnish consumer reports for employment and other purposes.

28.     The information Truthfinder reports includes purported criminal history, address history, real estate data, police records, and civil judgments, to name a few.

29.     Such information reflects "on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for" things like insurance or, as with Plaintiff, employment. 15 U.S.C. § 1681a(d)(1).

30.     Discovery will show that Truthfinder is aware that its reports are used for FCRA purposes, yet it pretends to not know those things.

31.     For example, discovery will show that the person that ordered the report about Plaintiff from Truthfinder used an email address associated with his prospective employer, Security Solutions Unlimited.

32.    Discovery will further show that the person that ordered the report about Plaintiff used a form of payment associated with Security Solutions Unlimited.

33.    There would be no basis for Truthfinder to conclude that the report about Plaintiff would be used for a non-FCRA purpose when someone affiliated with a business ordered it.

34.    Or, at the very least, Truthfinder had reason to suspect such use because of the nature of the transaction. Yet, Truthfinder ignored these signs in favor of profit.

35.    Such orders of reports by businesses are obviously intended for use in screening applicants or employees, an FCRA purpose.

36.    Discovery will further confirm that Truthfinder filled multiple orders for reports by individuals affiliated with Security Solutions Unlimited.

37.    Again, repeated orders of reports by someone affiliated with a business signals, if not confirms, to Truthfinder that its reports are being used to screen applicants or employees.

38.    Discovery will likewise show that Truthfinder has repeatedly filled orders for corporate buyers other than Security Solutions Unlimited.

39.    Despite this knowledge that its reports are being bought by businesses and plainly used to screen applicants, Truthfinder pretends to not know this and continues to act as though the FCRA does not apply to its products.

40.    Yet, Truthfinder knows otherwise, but chooses to ignore what it knows so that it can make money.

41.    Plaintiff and other putative class members lost employment opportunities based in whole or in part on the contents of the consumer reports Defendant Truthfinder sold about them.

42.    Defendant Truthfinder does not supply any notice to consumers about whom it has sold a report containing adverse employment information to a third party, such as the criminal records in the cases of Plaintiff (nor any of the putative class members).

43.    Providing notice at the time Truthfinder supplies such a report to the third-party CRA or employer arms the nation's millions of job applicants with the knowledge and information needed to challenge inaccurate, incomplete, and misleading public-records-based consumer reports. The FCRA is designed to permit individuals whose reports are inaccurate with ample time to identify the inaccuracies and correct them before the employer has made an employment decision.

44.    Even where reports are accurate, the FCRA still demands notice of the reporting under Section 1681k(a)(1), which allows consumers to discuss potentially negative information with employers and potentially soften the blow of such information in the employer's hiring decision.

45.    Defendant Truthfinder does not maintain any procedure by which it ensures that the public-record information it reports to its customers is complete or up-to-date. Defendant Truthfinder therefore cannot rely on this option for complying with 15 U.S.C. § 1681k(a).

**B.    Facts Regarding Plaintiff.**

46.    Plaintiff lost his job because of a consumer report sold by Defendant Truthfinder to his former employer, Security Solutions Unlimited, which purchased Plaintiff's consumer report and subsequently used it for an employment purpose when firing Plaintiff. Plaintiff was terminated from his job at Security Solutions Unlimited because Security Solutions Unlimited relied on information in the consumer report Truthfinder sold about him.

47.    Security Solutions Unlimited bought an employment-purposed report from Defendant Truthfinder on June 17, 2020.

48.    That report contained the criminal record supplied in a consumer report compiled by Defendant Truthfinder.  As a result of the consumer report sold to Security Solutions Unlimited by Defendant Truthfinder, Plaintiff was left jobless and humiliated.

49.    Truthfinder did not provide Plaintiff with contemporaneous notice that it was furnishing a consumer report to Plaintiff's prospective employer that contained public-record information likely to adversely affect Plaintiff's ability to obtain employment. 15 U.S.C. § 1681k(a)(1).

50.    Because of Defendant Truthfinder's actions, on June 17, 2020, Plaintiff lost his job, lost his salary, and even lost his health benefits.

51.    Hoping to get to the bottom of the issues raised in the report to his former employer, on August 31, 2020, Plaintiff wrote to Defendant Truthfinder and asked for his Section 1681g file disclosure. Defendant Truthfinder ignored and/or never responded to his letter.

52.    Notably, in addition to failing to provide all the information it possesses about consumers like Plaintiff, Defendant Truthfinder also failed to disclose any sources of information it possessed about Plaintiff, and it did not provide a list of recipients of information, like his former employer Security Solutions Unlimited.

53.    Plaintiff asserts a nationwide class claims against Defendant Truthfinder under 15 U.S.C. § 1681g, because Plaintiff requested his full file disclosure from Defendant Truthfinder, and Defendant Truthfinder to provide the information required by 15 U.S.C. § 1681g.

54.    Additionally, Plaintiff asserts a nationwide class claims against Defendant Truthfinder under 15 U.S.C. §§ 1681b(b)(1)(A)(i)-(ii) because

Defendant Truthfinder provided consumer reports used for employment purposes without valid certification from Plaintiff's former employer that it had complied with the disclosure, authorization and notice requirements set forth in 15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii).

55.    Plaintiff also asserts a nationwide class claims against Defendant Truthfinder under 15 U.S.C. § 1681k(a), because it provided Plaintiff's former employer with a consumer report containing criminal information likely to adversely affect Plaintiff's ability to obtain employment without providing Plaintiff with notice at the time it provided the report to Security Solutions Unlimited.

56.    Among other things, the FCRA regulates the collection, maintenance, and disclosure of consumer credit report information by CRAs, including public record information like criminal history.

57.    Additionally, the FCRA mandates conditions, procedures, and limitations on the use of consumer reports for employment purposes by CRAs, prospective employers, and other individuals.

58.    The FCRA mandates that a report user, before taking any adverse action based in whole or in part on a consumer report, must provide to the consumer a copy of the applicant's report and a summary of the applicant's rights under the FCRA.

59.    Under the FCRA, Plaintiff's former employer (Security Solutions Unlimited) must certify that each consumer report it requests from Defendant Truthfinder is for a permissible purpose.

60.    Defendant Truthfinder may not supply a consumer report to Plaintiff's former employer (Security Solutions Unlimited), or any other person or business, without obtaining a certification that the consumer report

-10-

is being provided for a permissible purpose enumerated in the statute.   *See* 15 U.S.C. 1681b(b)(1).

61.    Defendant Truthfinder has an independent obligation to comply with the FCRA.

62.    Defendant Truthfinder's violations of the FCRA have been willful, wanton, and reckless in that it knew, or should have known, that it was failing to comply with the requirements of the FCRA.

63.    Defendant Truthfinder willfully disregards its duties under the FCRA, which exacts serious consequences on job applicants and interstate commerce. The natural result of Defendant Truthfinder's failures to abide by the conditions, procedures and limitations of the FCRA prejudices consumers' ability to challenge information contained in consumer reports it sells to third parties.

64.    Defendant Truthfinder does not provide notification to consumers that it furnished an employment-purposed consumer report containing a criminal record likely to adversely affect employment *at the time* it provides the report to third parties.

65.    Defendant Truthfinder expressly disclaims that it is providing consumer reports for employment purposes, yet it knowingly supplies such reports to third parties that it knows uses the reports for employment purposes.

66.    Given this lack of notice, if consumers are lucky enough to learn that Defendant Truthfinder reported information about them, Defendant Truthfinder freezes them out when these consumers ask for their file disclosures.

67.    Instead of revealing the information it possesses, the sources, and to whom it has provided such information, Defendant Truthfinder simply ignores the request for information.

-11-

68.     This is problematic not just because it fails to meet the most-basic disclosure requirement the FCRA demands, but Defendant Truthfinder does not let consumers know where it obtained the information it is reporting, or to whom Defendant Truthfinder gave it.

69.     Adding to the difficulty, wading through Defendant Truthfinder's litany of disclaimers that the information may not be accurate and the FCRA does not govern it, nowhere does Defendant Truthfinder even commit that the information it provides consumers is also information it provided to someone else.

70.     Such secrecy and misdirection are the antithesis of the transparency Congress anticipated when it enacted Section 1681g.

## CLASS ACTION ALLEGATIONS

### PLAINTIFF'S PROPOSED CLASSES

71.     Plaintiff brings this action on a class basis, with initial class definitions that follow.

72.     *The § 1681g Disclosure Class.* Plaintiff brings this action for themselves and on behalf of the following "Section 1681g Disclosure Class," of which they are members, initially defined as:

**All natural persons residing in the United States (including all territories and other political subdivisions of the United States) who requested their full file disclosure from Defendant Truthfinder on or after June 17, 2020, through the present.**

73.     *The § 1681b(b)(1) Certification Class.* Plaintiff brings this action for themselves and on behalf of the following "§ 1681b(b)(1) Certification Class," of which they are members, initially defined as:

**All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a) who were the subject of the sale by Defendant Truthfinder of one or more criminal public records on or after June 17, 2020, (b) sold to a consumer reporting agency**

-12-

that resold the data to an end-user for an employment purpose, (c) or sold directly to an end user (other than the consumer) for an employment purpose, (d) to whom Defendant Truthfinder failed to obtain from its customers certifications of compliance with 15 U.S.C. §§ 1681b(b)(2) and (b)(3) before issuing a background check.

74.     *The § 1681k(a)(1) Notice Class.*  Pursuant to Federal Rule of Civil Procedure 23 and 15 U.S.C. § 1681k, Plaintiff brings this action for himself and on behalf of the following "Section 1681k Notice Class," of which he is a member, initially defined as:

All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a) who were the subject of the sale by Defendant Truthfinder of one or more criminal public records after June 17, 2020, (b) sold to a consumer reporting agency that resold the data to an end-user for an employment purpose, (c) or sold directly to an end user (other than the consumer) for an employment purpose, (d) to whom Defendant Truthfinder did not place in the United States mail postage pre-paid, on the day it furnished the report, a written notice to the subject consumer that it was furnishing the report and containing the name of the person that was to receive the report.

75.     **Numerosity.**  Upon information and belief, the putative Classes exceed 40 members each. Information concerning the exact size of the putative Class is within the exclusive possession of Defendant Truthfinder or its agents. The Class members are so numerous and geographically dispersed that joinder of all members is impracticable.

76.     **Typicality.** Plaintiff's claims are typical of the claims of the other Class members as all Class members were similarly affected by Defendant Truthfinder's unlawful conduct in violation of the FCRA.

77.     **Adequacy.** Plaintiff will fairly and adequately protect the interest of the Class Members and have retained counsel competent and experienced in complex litigation. Plaintiff is a member of the Classes and do not have any interests antagonistic to or in conflict with the members of the Classes.

-13-

Plaintiff's claims are the same as those of the Classes, which all arise from the same operative facts and are based upon the same legal theories.

78.   **Commonality.**  Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting individual Class members, including by example only and without limitation:

a.    Whether the uniform failure to provide timely a copy of employment purposed consumer reports containing a negative public record violated the FCRA;

b.    Whether Defendant Truthfinder's disclaimer that the report was not to be used for employment purposes rendered the Plaintiff's authorization a nullity and the procurement of the report illegal;

c.    Whether Defendant Truthfinder maintains strict procedures designed to insure complete and up-to-date reports when it never obtains a complete and up-to-date court record, therefore § 168lk(a)(2) is inapplicable;

d.    Whether Defendant Truthfinder supplied employment-purposed consumer reports to users without a permissible purpose to do so in violation of 15 U.S.C. § 1681e(a);

e.    Whether Defendant Truthfinder's full file disclosures meet the requirements of 15 U.S.C. § 1681g;

f.    Whether Defendant Truthfinder's violations of the FCRA were "willful."

79.   **Superiority.** A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the membership of the Classes is so numerous and involves claims that, taken individually, may not justify the costs and effort of bringing suit.

-14-

80.    Further, the prosecution of several actions by individual members of the Classes would create a risk of varying adjudications with respect to members of the Classes, as well as create inconsistent standards of conduct for those opposing the Classes. Additionally, individual actions by members of the Classes may be dispositive of the interests of other members not parties to the adjudication of the claim, which would impair or impede the ability of those individuals to protect their interests.

81.    **Predominance.**  The claims of the class members, including the common questions of law and fact, predominate over any individual facts or legal issues present in the class claims.  There are no factual or legal issues that differ among the putative class members. The principal issues are: (a) whether Defendant Truthfinder sold a consumer report to third parties about Plaintiff and each putative class member for a permissible purpose; (b) whether Defendant Truthfinder had reasonable procedures in place to comply with the FCRA; (c) whether Defendant Truthfinder required that prospective users of the information identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose; (d) whether Defendant Truthfinder made a reasonable effort to verify the uses certified by Security Solutions Unlimited, Inc., prior to furnishing such user a consumer report; (e) whether and how Defendant Truthfinder maintained strict procedures to ensure that the criminal public records were complete and up-to-date; (f) whether Defendant Truthfinder sold consumer reports that contained obsolete information to third parties; (g) whether Defendant Truthfinder received advice, guidance, counsel, or legal advice that it was not a consumer reporting agency and/or that the reports it compiled and sold to third parties were consumer reports; (h) whether Defendant Truthfinder delivers compliant full-file disclosures; and (i) whether Defendant Truthfinder

1   acted willfully.  Defendant Truthfinder's violations were negligent, reckless,

2   knowing or intentionally committed in conscious disregard for the rights of the

3   Plaintiff and putative Class Members.

4       **82.**    The members of the classes can be identified and ascertained by

5   using the Defendant Truthfinder's records, records maintained by its

6   customers and the end-users of consumer reports furnished by Defendant

7   Truthfinder to its clients.

8                    ## COUNT ONE – CLASS CLAIM
                     *Incomplete Disclosures – 15 U.S.C. § 1681g(a)*
9

10      83.    Plaintiff reiterates each of the allegations in the preceding

11  paragraphs as if set forth herein at length.

12      84.    Plaintiff requested from Defendant Truthfinder their full file

13  disclosures as permitted by the FCRA.

14      85.    Section 1681g required Defendant Truthfinder to respond with all

15  of the information it possessed about Plaintiff, including the sources of such

16  information, as well as a list of those third parties to whom Defendant

17  Truthfinder furnished information.

18      86.    Defendant Truthfinder instead provided a litany of excuses as to

19  why it supposedly did not have to comply with Plaintiff's requests, as well as

20  a non-compliant, inaccurate criminal history search about Plaintiff.

21      87.    Defendant Truthfinder violated 15 U.S.C. § 1681g(a) by refusing

22  to provide nearly all of the information required by Section 1681g(a).

23      88.    Defendant Truthfinder knew that the FCRA required it to provide

24  a fulsome disclosure, including all the information it possessed about Plaintiff

25  at the time of their request, the sources of that information, and a list of the

26  entities—like Security Solutions Unlimited, Inc.—to whom it had provided

27  information about Plaintiff.

28

-16-

89.     Despite this knowledge and the easy-to interpret and follow statutory mandates, Defendant Truthfinder failed to meet its statutory duties to provide valid disclosures.

90.     As a result, Plaintiff was deprived of information to which he was statutorily entitled, and was also prevented from being able to learn the sources of information so that he could potentially correct inaccuracies Defendant Truthfinder was perpetuating about them, as well as being kept in the dark as to whom Defendant Truthfinder had provided information about them.

91.     As to Plaintiff and the "Disclosure Class," Defendant Truthfinder regularly fails to provide fulsome file disclosures in violation of 15 U.S.C. § 1681g(a).

92.     As a result of the failure to provide compliant disclosures, Plaintiff and the "1681g Disclosure Class" were subjected to the deprivation of information to which Congress has deemed him entitled to upon a simple request.

93.     The value of a full file disclosure is significant and easily greater than $12.50.

94.     The denial of the full information required in such disclosure caused actual monetary harm in some amount at or over $12.50.

95.     The failure to provide disclosures also deprives consumers of information Congress has decided they should be provided whenever they request it.

96.     The conduct, action, and inaction of Defendant Truthfinder was willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

97.     Plaintiff and other members of the putative "1681g Disclosure Class" are entitled to recover costs and attorneys' fees as well as appropriate

-17-

1    equitable relief from Defendant Truthfinder in an amount to be determined by

2    the Court pursuant to 15 U.S.C. § 1681n.

### COUNT TWO – CLASS CLAIM
*Failure to Obtain Certification Prior to Furnishing a*
*Consumer Report for Employment Purposes in Violation of*
*15 U.S.C. § 1681b(b)(1)(A)*

98.    Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth herein at length.

99.    Defendant Truthfinder willfully violated 15 U.S.C. § 1681b(b)(1)(A) because it provided consumer reports about Plaintiff, which was used for employment purposes, without the user's certification of compliance with the disclosure, authorization and notification requirements set forth in 15 U.S.C. § 1681b(b)(2) and § 1681b(b)(3).

100.    Defendant Truthfinder invaded Plaintiff's privacy by compiling Plaintiff's personal, private and sensitive information into a consumer report for employment purposes, and furnishing said consumer reports without a permissible purpose.

101.    Defendant Truthfinder instead provided a litany of excuses as to why it supposedly did not have to comply with Plaintiff's requests, as well as a non-compliant, inaccurate criminal history search about Plaintiff.

102.    Defendant Truthfinder caused Plaintiff and the putative class members injury because the reports it furnished on them were used, in whole or in part, as the basis for an adverse employment action.

103.    Defendant Truthfinder caused Plaintiff injury because it permitted the user of its consumer reports to circumvent the disclosure, authorization and notification requirements of the FCRA when using consumer reports for employment purposes.

-18-

104.   The conduct, action, and inaction of Defendant Truthfinder was willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

105.   Plaintiff and other members of the putative "1681b(b)(1) Certification Class" are entitled to recover costs and attorneys' fees as well as appropriate equitable relief from Defendant Truthfinder in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

## COUNT THREE – CLASS CLAIM
***Failure To Provide "At The Time" Notice – 15 U.S.C. § 1681k(a)(1)***

106.   Plaintiff incorporates by reference those paragraphs set out above as though fully set forth herein.

107.   The consumer report of Plaintiff and of each member of the "1681k Notice Class" was furnished for an employment purpose and contained one or more public records of the type that may adversely affect a consumer's ability to obtain employment.

108.   As to Plaintiff and the "1681k Notice Class," Defendant Truthfinder uniformly fails to comply with the rigors of FCRA § 1681k(a)(2) and therefore must necessarily rely on the contemporaneous-notice requirement of § 1681k(a)(1) to comply with the FCRA.

109.   On information and belief, Plaintiff alleges that Defendant Truthfinder obtains public records including criminal records from a third-party consumer reporting agency and does not attempt to obtain this information through its own courthouse searches.

110.   On information and belief, Plaintiff alleges that as to the "1681k Notice Class," Defendant Truthfinder did not send such class members a notice pursuant to 15 U.S.C. § 1681k(a)(1).

111.   On information and belief, Plaintiff alleges that as to the "1681k Notice Class," Defendant Truthfinder did not itself or by its own court researchers or vendors attempt to verify the completeness or current status of the public records pursuant to 15 U.S.C. § 1681k(a)(2), within 30 days before it furnishes and sells these records in one of its reports.

112.   Defendant Truthfinder's failure to timely provide the required FCRA notices to the Plaintiff and other members of the "1681k Notice Class" violated 15 U.S.C. § 1681k(a)(1).

113.   The conduct, action, and inaction of Defendant Truthfinder was willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

114.   Plaintiff and other members of the putative "1681k Notice Class" are entitled to recover costs and attorneys' fees as well as appropriate equitable relief from Defendant Truthfinder in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant Truthfinder, and each of them, as follows:

a. For a declaration that Defendant Truthfinder's practices violated the statutory provisions as specified above;

b. For statutory, compensatory, special, general, and punitive damages according to proof and as applicable against all Defendants;

c. For interest upon such damages as permitted by law;

d. For an award of reasonable attorneys' fees provided by law under all applicable statutes;

e. For the costs of suit;

f. For injunctive relief as applicable; and

-20-

AMENDED CLASS ACTION COMPLAINT

g.  For such other orders of the Court and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby request and demand a jury trial on all issues triable by jury.

Dated: September 8, 2022                                    **LOKER LAW, APC**

                                                    By:    /s/ Matthew M. Loker
                                                    MATTHEW M. LOKER, ESQ.
                                                    ATTORNEY FOR PLAINTIFF

### CERTIFICATE OF SERVICE

A copy of the foregoing *First Amended Complaint* has been filed on September 8, 2022, through the Court's electronic filing system.  All parties may access the foregoing via the Court's electronic filing system.

                                                    /s/ Matthew M. Loker
                                                    Matthew M. Loker, Esq.

-21-